[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12889
Non-Argument Calendar
_____

D.C. Docket No. 0:19-cr-60055-UU-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEDEON JOSEPH,

Defendant - Appellant.


_____

No. 19-12891
Non-Argument Calendar
_____

D.C. Docket No.  0:19-cr-60055-UU-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ZYHEEM IAN SMITH,

Defendant - Appellant.

————————————————

No. 19-12922
Non-Argument Calendar
————————————————

D.C. Docket No.  0:19-cr-60055-UU-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WATVERLY MORTIMER,

Defendant - Appellant.

————————————————

Appeals from the United States District Court
for the Southern District of Florida
————————————————

(April 29, 2020)

Before WILSON, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Gedeon Joseph, Zyheem Smith, and Watverly

Mortimer each challenges his conviction for brandishing a firearm in furtherance

2

of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  All three were charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), substantive Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Two), and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Three).  Count Three specified that the predicate crime of violence was substantive Hobbs Act robbery as charged in Count Two of the indictment.  All three defendants pled guilty to Counts One and Three in return for the government dismissing Count Two.  Joseph's and Smith's plea agreements waived their rights to appeal their convictions based on the constitutionality of the statutes of conviction and whether the admitted conduct fell within the scope of the statutes of conviction.

Now, Joseph and Mortimer assert that their § 924(c) convictions were predicated on the conspiracy to commit Hobbs Act robbery charge, not the substantive Hobbs Act robbery charge.  In light of the Supreme Court's decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), which invalidated § 924(c)(3)'s residual clause, and our decision in *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019) (per curiam), where we held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under § 924(c)(e)'s elements clause, Joseph and Mortimer argue that their conspiracy to commit Hobbs Act

3

robbery charge is insufficient to support their respective § 924(c) convictions. Smith advances a different argument, which Joseph adopts via motion, that § 924(c)(3)'s elements clause is not severable from the residual clause and, thus, *Davis* invalidated both.

After careful review of the parties' briefs and the record, we dismiss Joseph's and Smith's appeals as barred by their appeal waivers and affirm Mortimer's conviction.

## I.

We review the validity of an appeal waiver de novo. *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014). A guilty plea *by itself* does not bar a defendant from challenging the constitutionality of the statute of conviction on direct appeal. *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798, 803 (2018). But an appeal waiver in a plea agreement is enforceable if it was made knowingly and voluntarily. *Hardman*, 778 F.3d at 899. To establish that the waiver was made knowingly and voluntarily, the government must show that (1) the district court questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam). A district

court's comments at sentencing cannot alter a waiver that a defendant knowingly and voluntarily executed. *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

Joseph's and Smith's challenges to their § 924(c) convictions are barred by their appeal waivers. Their written plea agreements contain a provision waiving the right "to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction." The district court discussed their plea agreements with them during their respective plea colloquies, and both testified that they understood they were giving up the right to appeal their sentences and convictions. They both indicated that they had full opportunities to review their plea agreements with their counsel and that they understood "each and every term" of their agreements. Therefore, they both knowingly and voluntarily waived their rights to raise the challenges at issue in their appeals.

Further, the comments made by the government and the district court at Joseph's and Smith's sentencing did not alter their appeal waivers. Because their plea agreements were with the government, not the district court, the district court's comments at sentencing could not alter their waivers. *See Bascomb*, 451 F.3d at 1297. And the government made clear that "[t]he Defendant is bound by his agreement." As the agreements do not allow Joseph and Smith to challenge

5

§ 924(c)'s constitutionality or whether their conduct falls within its scope on appeal, we must dismiss their challenges.

## II.

We review the denial of a motion to dismiss a charge in an indictment for abuse of discretion and the sufficiency of an indictment de novo. *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11th Cir. 2002). Section 924(c) provides mandatory minimum sentences for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). It does not require the defendant to be convicted of, or even charged with, the predicate offense if the fact of the offense is established. *United States v. Frye*, 402 F.3d 1123, 1127–28 (11th Cir. 2005) (per curiam). For the purposes of § 924(c), a "crime of violence" is a felony that:

(A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The first clause is referred to as the elements clause, and the second clause is referred to as the residual clause. In *Davis*, the Supreme Court ruled that the residual clause was unconstitutionally vague. 139 S. Ct. at 2336.

A Hobbs Act offense occurs when a defendant

6

obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

18 U.S.C. § 1951(a).  Robbery is defined in the Hobbs Act as

the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

§ 1951(b)(1).

Whoever aids and abets an offense against the United States is punishable as a principal.  18 U.S.C. § 2.  "To prevail under a theory of aiding and abetting, the government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission."  *United States v. Seabrooks*, 839 F.3d 1326, 1333 (11th Cir. 2016) (alteration accepted) (internal quotation mark omitted).

We have held that substantive Hobbs Act robbery under § 1951(b)(1) is a "crime of violence" under 924(c)(3)'s elements clause.  *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).  We have also held that aiding and abetting a substantive Hobbs Act robbery under § 2 is, likewise, a "crime of violence" under the elements clause because "an aider and abettor is responsible for the acts of the

7

principal as a matter of law." *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

Conspiracy to commit Hobbs Act robbery under § 1951(a), however, is not a

"crime of violence" under the elements clause. *Brown*, 942 F.3d at 1075.

As an initial matter, Mortimer has abandoned any argument regarding

whether substantive Hobbs Act robbery or aiding and abetting a substantive Hobbs

Act robbery qualifies as a "crime of violence" under § 924(c)'s elements clause by

waiting until his reply brief to raise those issues. *See United States v. Magluta*,

418 F.3d 1166, 1185–86 (11th Cir. 2005) ("[A]n appellant may not raise an issue

for the first time in a reply brief."). And regardless, we are bound by our prior

precedent in *In re Fleur* and *In re Colon* that such crimes qualify as crimes of

violence under § 924(c)'s elements clause. *See United States v. St. Hubert*, 909

F.3d 335, 346 (11th Cir. 2018) (holding that published orders on applications to

file second or successive 28 U.S.C. § 2255 motions are "binding precedent on all

subsequent panels of this Court, including those reviewing direct appeals and

collateral attacks, unless and until it is overruled or undermined to the point of

abrogation by the Supreme Court or by this court sitting en banc" (alteration

accepted) (internal quotation mark omitted)), *abrogated on other grounds by*

*Davis*, 139 S. Ct. 2319.

As to his primary argument, the indictment specified that Mortimer's

§ 924(c) charge was predicated on the substantive Hobbs Act charge, not Hobbs

Act conspiracy. Nothing in the plea agreement changed that; its language does not suggest that it changed the § 924(c) predicate offense identified in the indictment. The conviction thus stands as long as the facts of the predicate offense are established. *See Frye*, 402 F.3d at 1127–28.

Here, Mortimer's factual proffer established the facts of the offense of aiding and abetting a substantive Hobbs Act robbery, allowing it to serve as the predicate for his § 924(c) charge. First, there is no question that the Hobbs Act robbery occurred. Second, Mortimer contributed to and furthered the offense by renting the getaway vehicle and by, as an employee of the restaurant, letting in Joseph and Smith to commit the robbery. Finally, Mortimer's actions—including planning the robbery with Joseph and Smith, renting the car, and advising Smith and Joseph to wait to enter the restaurant until after the manager arrived so he could open the safe—show that he intended to aid in the commission of the robbery. Accordingly, we affirm Mortimer's § 924(c) conviction.

**DISMISSED IN PART AND AFFIRMED IN PART.**

9