[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13993
Non-Argument Calendar

_____

D.C. Docket Nos. 0:16-cv-61156-JIC,
0:14-cr-60174-JIC-1

MICHAEL BROWN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 12, 2019)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Brown appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate his conviction under 18 U.S.C. § 924(c)(1)(A) and the

corresponding sentence.  The government opposed Brown's motion in the district court.  The government also objected to the magistrate judge's Report and Recommendation recommending that Brown's motion be granted.  Now, however, because of intervening events, the government moves jointly with Brown for summary reversal of the district court's order.  For the reasons below, we grant that motion and remand for resentencing.

## I.

### A.    Brown's Underlying Conviction

In July 2014, a federal grand jury indicted Brown for (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 2); (3) attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) (Count 3); (4) conspiracy to use a firearm during and in furtherance of a crime of violence and drug-trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 4); and (5) carrying and possessing "a firearm during and in relation to a crime of violence and a drug trafficking crime," in violation of 18 U.S.C. §§ 2, 924(c)(1)(A) (Count 5).  The indictment specifies Counts 1 through 3 as predicate offenses for Count 5.

Therefore, as indicted, Count 5, brought under § 924(c)(1)(A), invokes 18 U.S.C. § 924(c)(2), defining "drug trafficking crime," and § 924(c)(3), defining "crime of violence."  Section 924(c)(3), in turn, which lies at the heart of this appeal, defines "crime of violence" as *either* an offense that has as an element, at a minimum, the attempted or threatened use of physical force, or an offense that by its nature involves a substantial risk that physical force will be used.  18 U.S.C. § 924(c)(3).  We commonly refer to these clauses as the "elements clause" and the "residual clause," respectively.  *See, e.g.*, *In re Hammoud*, 931 F.3d 1032, 1040 (11th Cir. 2019).

Returning to Brown's case, after he was indicted, Brown struck a deal with the government.  Under its terms, Brown "agree[d] to plead guilty to Counts 1 and 5 of the indictment."  As to Count 5 specifically, the parties' plea agreement states that "Count 5 charges [that] the defendant did . . . knowingly use and carry a firearm . . . during and in relation to a crime of violence, that is, a violation of" § 1951(a), "as set forth in Count 1[.]"  Gone from this version of the § 924(c) charge to which Brown actually agreed to plead guilty is any mention of the "drug[-]trafficking[-]crime" language from the indictment.  And further, in exchange for Brown's agreement to plead guilty to the plea agreement's reformulated version of

3

Count 5, the government agreed to dismiss Counts 2 and 3, the substantive drug-trafficking-related charges, and Count 4.[1]

Consistent with the terms of the plea agreement, during the plea colloquy, the district court asked Brown whether he understood that Count 5 charged him with using "a firearm during the commission of a crime of violence." Notably, just like the plea agreement, the court did not mention in its statement of the charge to which Brown was agreeing to plead guilty Brown's alleged use of a firearm during the commission of a *drug-trafficking crime*. Brown stated that he understood the charge to which he was pleading guilty. The government then recited the elements of Count 5, stating that for Brown to be found guilty, he must have (1) "committed the crime of violence charged in Count 1" and (2) "knowingly used, carried and possessed" a firearm "in furtherance of the *[C]ount 1 crime of violence*." (emphasis added). Brown agreed the government correctly stated the elements, and he pled guilty. The district court accepted Brown's plea and adjudged him guilty of conspiracy to commit Hobbs Act robbery and "of Count 5, use of a firearm during a commission of a crime of violence."

---

[1] The factual proffer submitted to the trial court contemporaneously described Brown's plan to pull off a "drug rip" for cocaine, which included the use of a Glock to commit a home-invasion robbery. Fortunately, that plan turned out to be a non-starter, since Brown's main contact was a confidential informant who kept law enforcement apprised the entire time.

The court later sentenced Brown to a total of 90 months' imprisonment. That sentence consisted of 30 months' imprisonment for Count 1, and a consecutive 60 months' imprisonment for Count 5.

The parties agree that Brown has completed the 30-month sentence imposed for Count 1. Nevertheless, Brown remains in prison serving his 60-month sentence for Count 5. Therefore, if Brown and the government are correct in their view that Brown's § 924(c) conviction can no longer stand, Brown might be eligible for immediate release.

## B.    Brown's § 2255 Motion, *Davis*, and This Appeal

On May 31, 2016, Brown filed a *pro se* 28 U.S.C. § 2255 motion to vacate his conviction and sentence, claiming that conspiracy to commit Hobbs Act robbery—the crime that underlaid his Count 5 § 924(c) conviction—failed to qualify as a crime of violence under § 924(c)(3), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court struck down the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" as unconstitutionally vague. 135 S. Ct. at 2556-58, 2563. Since the ACCA's residual clause and § 924(c)(3)'s residual clause are very similar, Brown's motion argued, § 924(c)(3)'s residual clause, like the ACCA's residual clause, is likewise void for vagueness.

5

A magistrate judge recommended granting Brown's motion. But based on our then-recently decided *Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017),[2] the district judge denied the motion. In short, *Ovalles* held that *Johnson* did not apply to or invalidate § 924(c)(3)'s residual clause. *See* 861 F.3d at 1263-67. So the district court rejected Brown's motion because *Johnson's* ruling did not extend to § 924(c)(3)'s residual clause, and it concluded that conspiracy is a crime of violence under the residual clause when the conspired objective is a violent crime, such as Hobbs Act robbery. The district court also denied Brown's motion for a certificate of appealability.

Brown appealed and moved this Court for a certificate of appealability.

Meanwhile, the Supreme Court issued *Davis v. United States*, 139 S. Ct. 2319 (2019). *Davis* held that § 924(c)(3)'s residual clause defining "crime of violence" was too vague to stand. *Davis*, 139 S. Ct. at 2324-27, 2336.

In the wake of *Davis*, we granted a certificate of appealability on the following question:

> Whether Mr. Brown's conviction for using a firearm during a crime of violence in violation of 18 U.S.C. §

---

[2] We subsequently vacated *Ovalles*, reheard it en banc, and partially reinstated it. *See Ovalles v. United States,* 889 F.3d 1259 (11th Cir. 2018), *on reh'g en banc*, 905 F.3d 1231 (11th Cir. 2018), *and opinion reinstated in part*, 905 F.3d 1300 (11th Cir. 2018). In *United States v. Davis*, 139 S. Ct. 2319 (2019), however, the Supreme Court then abrogated *Ovalles*, as we have explained in this opinion.

6

924(c) remains valid in light of *Davis v. United States*, 588 U.S. __, 139 S. Ct. 2319 (2019).[3]

Then, on October 4, 2019, the parties filed a joint motion seeking summary reversal of the district court's order and remand for resentencing. We now grant that motion because we conclude that Brown's conviction on the 924(c) count to which he actually pled guilty cannot stand after *Davis*.

## II.

When reviewing a denial of a motion to vacate under § 2255, we review legal conclusions *de novo* and factual findings for clear error. *Steiner v. United States*, 940 F.3d 1282 (11th Cir. 2019).

## III.

Resolution of Brown's claim turns on two issues. First, what crime did Brown plead guilty to in Count 5? And second, does that crime survive *Davis's* striking down of § 924(c)(3)'s residual clause?

### A.    Brown pled guilty to using or possessing a firearm in relation to and in furtherance of conspiracy to commit Hobbs Act robbery

As to the first question, the superficial answer is easy: Brown pled guilty to violating 18 U.S.C. § 924(c)(1)(A). But that hardly ends the inquiry. As relevant here, that section criminalizes the use or possession of a firearm in relation to and

---

[3] In conjunction with the district court's denial of Brown's § 2255 motion, the issuance of the certificate of appealability give us jurisdiction over this matter. *See* 28 U.S.C. §§ 1291, 2253; Fed. R. App. P. 22(b).

in furtherance of "any [1] crime of violence **or** [2] drug trafficking crime[.]" 18 U.S.C. § 924(c)(1)(A) (numbering and emphasis added). And in fact, the government indicted Brown under § 924(c)(1)(A) (Count 5) for his use of a "firearm in furtherance of a crime of violence *and* a drug trafficking crime[.]" (emphasis added). Indeed, in further support of the § 924(c) charge in the indictment, the indictment specifies the predicate crimes for Count 5 as both the drug-offense counts (Counts 2 and 3) and the conspiracy-to-commit-Hobbs-Act-robbery count (Count 1) appearing earlier in the indictment.

Nevertheless, Brown did not plead guilty to Count 5 as charged in the indictment. Nor did the district court adjudge Brown guilty of Count 5 as charged in the indictment. Rather, as the plea agreement memorializes, Brown agreed to plead guilty to Count 1 and to Count 5—but as predicated solely upon the "crime of violence" set forth in Count 1. In particular, the plea agreement states that Brown agreed to plead guilty to knowingly using and carrying a firearm "in relation to a *crime of violence*, that is a violation of Title 18, United States Code, Section 1951(a), as set forth in Count 1[.]" (emphasis added). Notably absent from the plea agreement is any mention of "drug trafficking crimes."

That was no mistake. The government was free to seek a conviction of Brown on any charge it desired, provided it could support that charge beyond a reasonable doubt. And it is clear from the events that occurred on this record, that

Brown agreed to plead guilty to, and the government agreed to seek conviction by plea on, the § 924(c) charge as it related to only what the government then believed to be the "crime of violence" specified in Count 1—conspiracy to commit Hobbs Act robbery.

Not only does the plea agreement's language express this agreement, but during the plea colloquy, the trial court confirmed with Brown that he was pleading guilty to "use of a firearm during the commission of a crime of violence[.]"  The government's subsequent recitation of the elements of Count 5 also illustrates the parties' and the trial court's understanding of which charge Brown actually pled guilty to:  "[T]he defendant can be found guilty only if . . . [t]he defendant committed the crime of violence charged in Count 1 of the indictment" and "knowingly used, carried and possessed [ ] a firearm . . . in furtherance of the Count 1 crime of violence."  Brown pled guilty to that crime, and the trial court "adjudged [Brown] guilty of Count 5, use of a firearm during a commission of a crime of violence."  Nowhere does the plea colloquy suggest that Brown actually pled guilty to or the court actually adjudged him guilty of a use or possession of a firearm in furtherance of a drug-trafficking offense, despite the language of the indictment.[4]

---

[4] The court did incorporate by reference the stipulated factual proffer, which described Brown's planned "drug rip" for cocaine.  But regardless of the content of that recitation, it could not render Brown convicted of a crime to which he did not actually plead guilty.

Those facts put this case on different footing than *In re Navarro*, where we rejected the defendant's (Navarro) successive § 2255 challenge, brought under *Davis* this time, to his § 924(c) conviction. 931 F.3d 1298 (2019) ("*Navarro*"). True, this case and *Navarro* have substantial similarities. In both cases, the government charged the defendants with multiple counts, including conspiracy to commit Hobbs Act robbery, two drug-trafficking crimes, and a § 924(c)(1)(A) offense predicated on both a crime of violence and drug-trafficking crimes. *Id.* at 1299. The factual proffer in *Navarro* included numerous details about the planned robbery and implicated Navarro in the drug-trafficking-related crimes the indictment charged him with. *Navarro*, 931 F.3d at 1300. So too here. And as in Brown's case, Navarro pled guilty to one count of conspiracy to commit Hobbs Act robbery and one count of violating § 924(c)(1)(A). *Navarro*, 931 F.3d at 1299-1300. Critically, though, the cases diverge at that final step.

Unlike here, the plea agreement in *Navarro* "clarified that the § 924(c) charge was predicated on *both* a crime of violence—conspiracy to commit Hobbs Act robbery—and drug-trafficking crimes." *Navarro*, 931 F.3d at 1299, 1302 (emphasis added); *see also id.* at 1300 (defendant pled guilty to "knowingly using and carrying a firearm during and in relation to a crime of violence *and a drug trafficking crime* . . . in furtherance of such crimes." (emphasis in original)). For this reason, we found that Navarro's § 924(c) conviction (as pled to) "was

predicated both on conspiracy to commit Hobbs Act robbery and drug-trafficking crimes." *Id.* at 1302. As a result, *Davis* did not provide Navarro an avenue of relief because, even assuming conspiracy to commit Hobbs Act robbery was not a crime of violence, Navarro's drug-trafficking-related conduct independently supported his § 924(c)(1)(A) conviction. *Id.* at 1302-03. That was, after all, exactly what Navarro had bargained for in the plea agreement and what he had pled guilty to.

Here, in contrast, the parties repeatedly specified that Brown was pleading guilty to § 924(c)(1)(A) as predicated solely upon a "crime of violence"—and specifically on the crime of violence that was charged in Count 1 of the indictment—conspiracy to commit Hobbs Act robbery. It was that crime—and only that § 924(c) crime—that the trial court adjudged Brown guilty of.[5]

In short, though the government charged Brown with knowingly possessing a firearm in furtherance of (1) conspiracy to commit Hobbs Act robbery—a purported crime of violence—and (2) certain drug-trafficking-related conduct, Brown pled guilty to a § 924(c)(1)(A) offense predicated only on conspiracy to

---

[5] It makes no difference that *after* the court had already accepted Brown's plea of guilty, at sentencing, the trial court mentioned both alternative elements of § 924(c)(1)(A) when referring to Brown's conviction. At that point, the trial court had no discretion to unilaterally change the crime that Brown had pled guilty to. *United States v. Melton*, 861 F.3d 1320, 1329 (11th Cir. 2017) ("Courts are not authorized to ink in revisions to" plea agreements); *United States v. Howle*, 166 F.3d 1166, 1168–69 (11th Cir. 1999) ("Modification of the terms of a plea agreement is . . . beyond the power of the district court. Such a modification would impermissibly alter the bargain at the heart of the agreement[.]" (internal citation omitted)).

11

commit Hobbs Act robbery. For this reason, unlike in *Navarro*, if conspiracy to commit Hobbs Act robbery does not constitute a "crime of violence," as defined by § 924(c)(3), Brown's conviction must be vacated.

**B.    Conspiracy to commit Hobbs Act robbery does not satisfy § 924(c)'s definitions of "crime of violence"**

We therefore consider whether conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" under § 924(c). Section 924(c)(3) defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). To briefly review, we commonly refer to § 924(c)(3)(A) as the elements clause and § 924(c)(3)(B) as the residual clause. *Davis*, as we have mentioned, struck down the residual clause as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. For that reason, the survival of Brown's § 924(c) conviction depends entirely on whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the elements clause.

We apply the categorical approach when determining whether an offense constitutes a "crime of violence" under the elements clause. *United States v. St.*

12

*Hubert*, 909 F.3d 335, 348-49 (11th Cir. 2018).  Under that approach, we look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force.  *Id.* at 349.  That is, the particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime.  *Id.* at 348.

It's worth emphasizing that Brown pled guilty to *conspiracy* to commit Hobbs Act robbery, not substantive Hobbs Act robbery, a crime we have previously held constitutes a crime of violence under the elements clause.  *See In re Fleur*, 824 F. 3d 1337, 1340-41 (11th Cir. 2016).  Those two offenses are meaningfully distinct.  The elements of conspiracy center on a defendant's *agreement* to commit a crime and do not require the government to prove the elements of the underlying substantive crime itself.  For this reason, and as the elements clause itself demands, our analysis looks to only the elements of conspiracy to commit Hobbs Act robbery:  (1) two or more people, including the defendant, agreed to commit Hobbs Act robbery; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in furthering that goal.  *See United States v. Ransfer*, 749 F.3d 914, 930 (11th Cir. 2014).

Applying the categorical approach to these elements requires us to reverse the district court's denial of Brown's § 2255 petition.  Neither an agreement to commit a crime nor a defendant's knowledge of the conspiratorial goal necessitates

13

the existence of a threat or attempt to use force.  The same goes for the final element—a defendant's voluntary participation that furthers the goal of committing Hobbs Act robbery—because a defendant's voluntary participation may manifest itself in any one of countless non-violent ways.  So like our sister Circuits, we conclude that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence," as defined by § 924(c)(3)(A).  *See United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) (en banc), *cert. denied*, No. 18-1338, 2019 WL 4923463 (U.S. Oct. 7, 2019); *United States v. Lewis*, 907 F.3d 891, 895 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2776 (2019); *United States v. Barrett*, 937 F.3d 126, 127-28 (2d Cir. 2019).

Because Count 1 for conspiracy to commit Hobbs Act robbery is not a "crime of violence" and because Count 5 was predicated solely upon that count, Brown's conviction for Count 5 is invalid and must be vacated.  *See In re Hammoud*, 931 F.3d at 1037-39 (holding that *Davis* stated a new substantive rule of constitutional law that applies retroactively to criminal cases).

## IV.

We therefore reverse the district court's denial of Brown's § 2255 claim[6] and remand for resentencing.

---

[6] Summary reversal is warranted where, among other circumstances, time is of the essence, such as where rights delayed are rights denied, or where the result is clear as a matter of law so that there can be no substantial question as to the outcome.  *Groendyke Transp., Inc. v.*

14

**REVERSED AND REMANDED.**

---

*Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued before October 1, 1981).  The law, as we have discussed and as both parties apparently recognize, clearly resolves the question at issue in this case.  And Brown's continued imprisonment for the commission of a crime that is no longer valid weighs heavily in favor of treating this matter with urgency.

15