[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13508
Non-Argument Calendar
_____

D.C. Docket Nos. 0:16-cv-60929-WPD,
0:14-cr-60277-WPD-2

DANNY HERRERA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2020)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WILSON, JILL PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

We previously reviewed, and affirmed, the district court's denial of Danny Herrera's 28 U.S.C. § 2255 motion to vacate the sentence for his 18 U.S.C. § 924(c) conviction.  The Supreme Court, after its decision in *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), vacated our decision and remanded for us to reconsider Herrera's motion in light of *Davis*.  Because his § 924(c) conviction remains supported by a valid predicate offense, we affirm the district court.  *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019).

As background, Herrera was charged by indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 2); attempted possession with intent to distribute five kilograms or more of cocaine, in violation of §§ 841(a)(1), (b)(1)(A), and 846 (Count 3); conspiracy to use a firearm during and in relation to a crime of violence (as charged in Count 1) and a drug-trafficking offense (as charged in Counts 2 and 3), in violation of § 924(c) (Count 4); carrying a firearm during and in relation to a crime of violence (Count 1) or a drug-trafficking crime (Counts 2 and 3), in violation of § 924(c) (Count 5); and possession of a firearm by a convicted felon (Count 6).  He pled guilty to Counts 1 and 5 and waived his right to direct appeal.  He then filed his § 2255 motion, arguing that his § 924(c) conviction was invalidated by the Supreme Court's ruling in *Johnson v. United*

*States*, 576 U.S. ___, 135 S. Ct. 2551 (2015) (holding that the residual clause in the Armed Career Criminal Act was unconstitutionally vague).

In our prior opinion, we affirmed the district court's denial of Herrera's § 2255 motion, holding that conspiracy to commit Hobbs Act robbery qualified as a predicate crime of violence under the residual clause of § 924(c)(3)(B). Subsequently, the Supreme Court in *Davis* struck down the residual clause in § 924(c)(3)(B) as unconstitutionally vague. 139 S. Ct. at 2336. We must now review Herrera's claim in light of *Davis*.[1]

Recently, we decided that conspiracy to commit Hobbs Act does not constitute a crime of violence under the still-valid elements clause of § 924(c)(3)(A). *Brown v. United States*, 942 F.3d 1069, 1075 (2019) (per curiam). Thus, Herrera's § 924(c) conviction remains valid only if it is supported by a predicate offense other than conspiracy to commit Hobbs Act robbery. A defendant may be convicted under § 924(c) without being convicted of, or even charged with, the predicate offense. *United States v. Frye*, 402 F.3d 1123, 1127–28 (11th Cir. 2005) (per curiam). "Section 924(c) requires only that the drug trafficking crime be one that 'may be prosecuted.'" *Id.* at 1127.

---

[1] In an appeal challenging the district court's resolution of a § 2255 motion, we review factual findings for clear error and legal issues de novo. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).

3

Here, the signed plea agreement stated that Herrera's § 924(c) conviction was predicated on both a crime of violence and a drug-trafficking crime. And the factual proffer that Herrera affirmed contained sufficient facts to established that he committed the drug-trafficking crimes charged in Counts Two and Three. Specifically, it established that Herrera conspired with two others to steal and then distribute over five kilograms of cocaine from a stash house and that the group took steps toward completing the robbery before they were arrested. Thus, Herrera is not entitled to relief under *Davis* because his § 924(c) conviction is independently supported by his drug-trafficking-related conduct.

**AFFIRMED.**