[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16676

Non-Argument Calendar

_____

D.C. Docket Nos. 5:16-cv-00422-WTH-PRL,

5:09-cr-00045-WTH-PRL-1

VICTOR JOHN WALKER,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court

for the Middle District of Florida

_____

(March 2, 2020)

Before MARTIN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Victor John Walker, a federal prisoner proceeding with counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. He argues his conviction for carrying a firearm during a crime of violence is unconstitutional after Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). After careful review, we affirm.

## I.

In 2010, Walker pled guilty to conspiracy to commit Hobbs Act robbery, substantive Hobbs Act robbery, attempted Hobbs Act robbery, and two counts of carrying a firearm during a crime of violence under 18 U.S.C. § 924(c). Walker's § 924(c) convictions were predicated on the substantive Hobbs Act robbery count and the attempted Hobbs Act robbery count.

In 2016, Walker moved to vacate his sentence under 28 U.S.C. § 2255. He argued his § 924(c) convictions were invalid after the Supreme Court's decision in Johnson. The district court denied him § 2255 relief. This Court granted a certificate of appealability ("COA") in 2017 on the issue of "[w]hether Walker's conviction for using and carrying a firearm during and in relation to the crime of violence of attempted Hobbs Act robbery is now unconstitutional after Johnson v. United States, 135 S. Ct. 2251 (2015)."

2

## II.

When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law de novo and factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).

## III.

Section 924(c) criminalizes the use or carrying of a firearm during and in relation to a crime of violence or drug trafficking crime. "Crime of violence" is defined as a felony offense that either

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)–(B).

In United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019), the Supreme Court struck down as unconstitutionally vague § 924(c)(3)(B), which has become known as the "residual clause." 139 S. Ct. at 2336. In so doing, the Davis Court extended its holdings in Johnson, which struck down the Armed Career Criminal Act's definition of a "violent felony," 135 S. Ct. at 2557, and Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018), which struck down the Immigration and Nationality Act's definition of a "crime of violence," id. at 1216;

3

see Davis, 139 S. Ct. 2325–26.  The Court in Davis emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in Johnson and Dimaya.  139 S. Ct. at 2326.  However, Davis left intact § 924(c)(3)(A), which has become known as § 924(c)(3)'s "elements clause."  See Brown v. United States, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam).  A § 924(c) conviction for a crime of violence remains valid after Davis if its predicate felony qualifies as a "crime of violence" under the elements clause.  Id.

Walker says his 18 U.S.C. § 924(c) convictions are unconstitutional after Johnson and its progeny, Dimaya and Davis.  But Walker also concedes that his challenge to his § 924(c) conviction and sentence is now foreclosed by binding precedent, because this Court held in United States v. St. Hubert, 909 F.3d 335, 348 (11th Cir. 2018), cert. denied, 139 S. Ct. 1394 (2019), abrogated on other grounds by Davis, 139 S. Ct. 2319, that attempted Hobbs Act robbery is a crime of violence under § 924(c)(3)'s elements clause.

Walker seeks to preserve for further review his claims that "St. Hubert was wrongly decided, as it conflicts with James v. United States, 550 U.S. 192 (2007), and United States v. D.B.B., 903 F.3d 684 (7th Cir. 2018)."[1]  At present, St.

---

[1] The government contends Walker has failed to preserve his challenge to his § 924(c) conviction because he "did not argue in the district court proceedings that an attempt to commit a

Hubert remains binding precedent in this circuit unless it is overruled by the

Supreme Court or this Court sitting en banc.  See United States v. Archer, 531 F.3d

1347, 1352 (11th Cir. 2008).  As a panel of this Court, we are bound by the holding

in St. Hubert and, accordingly, we must affirm the district court's denial of

Walker's § 2255 motion.

**AFFIRMED.**

---

crime of violence did not satisfy the use-of-force clause."  We decline to address the issue of
waiver, as we conclude that Walker's argument is unavailing regardless of whether he waived it.

5