[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12040
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22538-KMM,
1:13-cr-20524-KMM-2

LEON ESCOURSE-WESTBROOK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2020)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Leon Escourse-Westbrook is a federal prisoner serving a total 114-month sentence, consisting of 30 months for conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One), and a consecutive 84 months for brandishing a firearm in furtherance of a crime of violence—solely predicated on his Hobbs Act conspiracy conviction—in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three).  He appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, arguing that his § 924(c) conviction is no longer constitutional in light of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), and *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019).  Although the government opposed his § 2255 motion before the district court, it now agrees with Escourse-Westbrook and calls on us to vacate and remand for a full resentencing.

In reviewing a district court's denial of a § 2255 motion, we review the court's legal conclusions de novo and its findings of fact for clear error.  *Brown*, 942 F.3d at 1072.  A felony is a "crime of violence" under § 924(c) if it:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  We commonly refer to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause."  *Brown*, 942 F.3d at 1071.

In *Davis,* the Supreme Court struck down § 924(c)'s residual clause as unconstitutionally vague. 139 S. Ct. at 2323–24, 2336. We held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019) (per curiam). We subsequently held, in *Brown*, that conspiracy to commit Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s elements clause because the statutory elements of Hobbs Act conspiracy do not necessitate the existence of a threat or an attempt to use force. 942 F.3d at 1075–76.

In light of *Davis* and *Brown*—and as the government concedes—Escourse-Westbrook's conviction for conspiracy to commit Hobbs Act robbery was not a crime of violence under either the elements clause or residual clause of § 924(c). Because there were no other predicate offenses for his § 924(c) conviction, it cannot stand. We therefore reverse the district court's denial of Escourse-Westbrook's § 2255 motion and remand to the district court for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**