[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-14249
Non-Argument Calendar

————————————————

D.C. Docket No. 1:16-cv-02226-ODE,
1:12-cr-00205-ODE-ECS-2

KIRK L. FLOYD,
a.k.a. Twin, a.k.a.
Kirk Lorin Floyd,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(May 1, 2020)

Before ED CARNES, Chief Judge, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Kirk Floyd is a federal prisoner serving a total 300-month sentence for multiple convictions, including conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (B)(i) and § 2. Floyd's § 924(c) conviction was predicated on conspiracy to commit Hobbs Act robbery.  He appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, arguing that his § 924(c) conviction is no longer constitutional in light of United States v. Davis, 139 S. Ct. 2319 (2019), and Brown v. United States, 942 F.3d 1069 (11th Cir. 2019).  The government opposed his § 2255 motion before the district court, but now agrees with Floyd and asks us to vacate and remand for a full resentencing.  We agree with the parties and reverse the district court's denial of Floyd's § 2255 motion.

In reviewing a district court's denial of a § 2255 motion, we review de novo the court's legal conclusions and its factual findings for clear error.  Brown, 942 F.3d at 1072.  Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or drug-trafficking crime.  18 U.S.C. § 924(c)(l).  A "crime of violence" is an offense that is a felony and: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature, involves a substantial risk that physical force against the person or property of another may be

used in the course of committing the offense.  Id. § 924(c)(3).  We commonly refer to § 924(c)(3)(A) as the "elements clause" and § 924(c)(3)(B) as the "residual clause."  Brown, 942 F.3d at 1071.

In Davis, the Supreme Court struck down § 924(c)'s residual clause as unconstitutionally vague.  139 S. Ct. at 2323-24, 2336.  We have held that Davis announced a new rule of constitutional law that applies retroactively to cases, like Floyd's, on collateral review.  In re Hammoud, 931 F.3d 1032, 1037–39 (11th Cir. 2019).  We have also held, in Brown, that conspiracy to commit Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s elements clause because the statutory elements of Hobbs Act conspiracy do not require the existence of a threat or attempt to use force.  942 F.3d at 1075–76.

Floyd's conviction for conspiracy to commit Hobbs Act robbery was not a crime of violence under either § 924(c)'s elements clause, in light of Brown, or § 924(c)'s residual clause, in light of Davis.  Because there were no other predicate offenses for his § 924(c) conviction, that conviction must be vacated.  We therefore reverse the district court's denial of Floyd's § 2255 motion and remand for resentencing.

**REVERSED AND REMANDED.**

3