FILED
United States Court of Appeals
Tenth Circuit

**August 26, 2022**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

SEBASTIAN L. ECCLESTON,

  Defendant - Appellant.

No. 20-2119
(D.C. Nos. 1:19-CV-01201-JB-CG &
1:95-CR-00014-JB-CG-2)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

More than twenty-five years ago, Sebastian L. Eccleston pleaded guilty to using a

firearm during a crime of violence.  _See_ 18 U.S.C. § 924(c).[1]  The Supreme Court

recently held that the provision known as the residual clause defining a "crime of

violence," § 924(c)(3)(B), is unconstitutionally vague.  _See United States v. Davis_,

139 S. Ct. 2319, 2336 (2019).  Mr. Eccleston sought relief under 28 U.S.C. § 2255,

arguing that, after _Davis_, his § 924(c) conviction lacked a valid predicate crime of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Eccleston pleaded guilty to two counts under § 924(c), one predicated on carjacking and the other predicated on a Hobbs Act violation.  Only the count predicated on the Hobbs Act violation is relevant to our decision.  Therefore, any reference to Mr. Eccleston's § 924(c) conviction is to the one predicated on a Hobbs Act violation.

violence.  Even after *Davis*, though, the provision known as the elements clause defining a "crime of violence," § 924(c)(3)(A), remains valid.  And the district court concluded that Mr. Eccleston's predicate crime of violence, Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), is a valid predicate under the elements clause.  So the district court denied Mr. Eccleston's § 2255 motion.  Mr. Eccleston seeks a certificate of appealability (COA) to appeal the district court's decision.  We deny a COA and dismiss this matter.

### 1.  Mr. Eccleston's Arguments.

To obtain a COA, Mr. Eccleston must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  He does not dispute that Hobbs Act robbery is a categorical crime of violence under the elements clause.  *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 & n.4 (10th Cir. 2018).  He instead argues that the district court erred twice on its way to concluding that he had been convicted of Hobbs Act robbery.  First, he argues the court erred in concluding that the Hobbs Act is divisible into separate offenses for robbery, attempted robbery, and conspiracy to commit robbery.  Second, even if the Hobbs Act is divisible into these three robbery-based offenses, he argues, the court erred in concluding that he had been convicted of completed robbery rather than attempt or conspiracy to commit robbery.

**2. The Divisibility of the Hobbs Act.**

The extent of the Hobbs Act's divisibility matters because it shapes the analysis of whether a violation of that statute qualifies as a crime of violence under the elements clause, an analysis known as the categorical approach. *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). A crime of violence under the elements clause is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The categorical approach does not involve an inquiry into the facts of a particular crime: "The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

If a predicate conviction arises from a divisible statute—that is, a statute defining multiple crimes by listing alternative elements—then courts will decide if the conviction qualifies as a crime of violence by using the modified categorical approach. *See Mathis v. United States*, 579 U.S. 500, 505 (2016). The modified categorical approach allows courts to consult certain documents—for example, the charging document, plea agreement, and transcript of the plea colloquy—to decide "what crime, with what elements, a defendant was convicted of." *Id.* at 505–06. This inquiry focuses "on the elements, rather than the facts, of a crime." *Descamps v. United States*, 570 U.S. 254, 263 (2013). "Although the record may reveal factual details of the offense, a court may use the modified approach *only* to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." *United States v. Titties*, 852 F.3d

1257, 1266 (10th Cir. 2017) (brackets and internal quotation marks omitted).  Once the court identifies the crime of conviction, it can then use the categorical approach to determine if that crime is a crime of violence under the elements clause.  *See Mathis*, 579 U.S. at 506.

A statute is divisible if it "sets out one or more elements of the offense in the alternative."  *Descamps*, 570 U.S. at 257.  A statute is not necessarily divisible, however, merely because it "is framed in the disjunctive."  *Titties*, 852 F.3d at 1267.  A statute is divisible only if its alternative components are elements and not means.  *Id.*  "'Elements' are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction."  *Mathis*, 579 U.S. at 504 (internal quotation marks omitted).  Means, by contrast, are "various factual ways of committing some component of the offense."  *Id.* at 506.

Mr. Eccleston's predicate conviction arose under the Hobbs Act, a statute creating criminal liability for a person who

> in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

§ 1951(a).  The district court concluded that the Hobbs Act is divisible into three robbery-based offenses:  robbery, attempted robbery, and conspiracy to commit robbery.

The district court's conclusion is correct because these three crimes comprise different elements.  *See United States v. Washington*, 653 F.3d 1251, 1263 n.12 (10th Cir. 2011) (recognizing that, "under the Hobbs Act, conspiracy and attempt appear as distinct

crimes within the same statutory provision"); *see also Taylor*, 142 S. Ct. at 2019 ("The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component."). A conviction for Hobbs Act robbery requires proof, in relevant part, of "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." § 1951(b)(1). A conviction for attempted Hobbs Act robbery requires proof that the defendant "intended to unlawfully take or obtain personal property by means of actual or threatened force" and that "he completed a 'substantial step' toward that end." *Taylor*, 142 S. Ct. at 2020. And the "elements of conspiracy center on a defendant's *agreement* to commit a crime and do not require the government to prove the elements of the underlying substantive crime itself." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (per curiam); *see also United States v. Wright*, 506 F.3d 1293, 1297–98 (10th Cir. 2007) (outlining the elements of a conspiracy). Reasonable jurists could not debate that the Hobbs Act defines separate crimes of robbery, attempted robbery, and conspiracy to commit robbery.

### 3. Determining Mr. Eccleston's Crime of Conviction.

After deciding that the Hobbs Act defines three separate robbery-based offenses, the district court used the modified categorical approach to conclude that Mr. Eccleston pleaded guilty to completed robbery. The charging document alleges in part that Mr. Eccleston and his codefendant

5

> did unlawfully obstruct, delay and affect, and attempt and conspire to obstruct, delay and affect commerce and the movement of articles and commodities in such commerce, by robbery as that term is defined in § 1951, in that Eccleston and [his codefendant] did unlawfully take and obtain personal property . . . from [the victim] against her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to her person and a person in her company.

R. vol. 1 at 167 (brackets, ellipsis, and internal quotation marks omitted). In the plea agreement, Mr. Eccleston admitted a nearly identical charge that he

> did unlawfully obstruct, delay and affect, and attempt and conspire to obstruct, delay and affect commerce as that term is defined in § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in § 1951, in that Eccleston[] did unlawfully take and obtain personal property . . . from the person and in the presence of [the victim] against her will by means of actual and [threatened] force, violence, and fear of injury, immediate and future, to her person and a person in her company.

*Id.* at 168 (brackets, ellipsis, and internal quotation marks omitted). During the plea colloquy the district court described the count in these same terms before Mr. Eccleston pleaded guilty.[2] Based on the charging document, the plea agreement, and the plea colloquy, the district court concluded that Mr. Eccleston had been convicted of completed Hobbs Act robbery.[3]

Mr. Eccleston argues that the record refutes the conclusion that he pleaded guilty to completed Hobbs Act robbery. As he underscores, the charge he pleaded guilty to says

---

[2] The court's recitation of the count occasionally varied from the language we have quoted from the plea agreement, but its recitation of the charge is identical to the plea agreement in all relevant respects.

[3] The district court also considered the presentence report. Mr. Eccleston asserts that the court erred in doing so. But in a postjudgment order, the court concluded that the other relevant documents sufficiently show Mr. Eccleston pleaded guilty to Hobbs Act robbery. That conclusion, as we will explain, is beyond debate.

that he "did unlawfully obstruct, delay and affect, and *attempt* and *conspire* to obstruct, delay and affect commerce." *Id.* (emphasis added) (internal quotation marks omitted). But the *elements* he pleaded guilty to are those of completed robbery and not of attempted robbery or conspiracy to commit robbery. He admitted that he "did unlawfully take and obtain personal property . . . from the person and in the presence of [the victim] against her will by means of actual and [threatened] force, violence, and fear of injury, immediate and future, to her person and a person in her company." *Id.* (ellipsis and internal quotation marks omitted). Those are the relevant elements of completed robbery. *See* § 1951(b)(1). He did not admit to entering into an agreement to violate the law (an element of conspiracy) or merely to taking a substantial step toward committing robbery (an element of attempt). Given the charging document, the plea agreement, and the plea colloquy, no reasonable jurist could debate the conclusion that Mr. Eccleston pleaded guilty to completed Hobbs Act robbery, a categorical crime of violence under the elements clause, *see Melgar-Cabrera*, 892 F.3d at 1060 & n.4.

### 4.  Conclusion.

We deny Mr. Eccleston's application for a COA and dismiss this matter.

Entered for the Court

Jerome A. Holmes
Circuit Judge