[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13090

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRAVIS DEWAYNE GOINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:15-cr-00248-KD-N-1

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Travis Dewayne Goins, a counseled federal prisoner, appeals after the district court revoked his supervised release and sentenced him to 12 months of imprisonment and an additional 24-month term of supervised release. Goins maintains that the court plainly erred by imposing an additional term of supervised release because it failed to account for the terms of imprisonment he had already served for prior revocations. The government agrees that plain error occurred and moves for summary reversal. We grant the government's motion.

Summary reversal is appropriate "where the result is clear as a matter of law so that there can be no substantial question as to the outcome." *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019). Because Goins did not object below, he must establish that the district court plainly erred. *See United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). He has done so.

The district court, when imposing a sentence following revocation of supervised release, may include a new "term of supervised release after imprisonment." 18 U.S.C. § 3583(h). But that new term cannot exceed the "term of supervised release authorized by statute" for the underlying offense, "less any term of imprisonment that was imposed" for prior revocations. *Id.* This means, in other words, that the maximum allowable term of

supervised release following multiple revocations must be reduced by the total prison term that has been imposed upon revocation. *United States v. Moore*, 22 F.4th 1258, 1265 (11th Cir. 2022); *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007). If the total revocation prison term meets or exceeds the maximum statutory term of supervised release, no new supervision may be imposed.

The maximum term of supervised release for Goins's original conviction under 18 U.S.C. § 922(g) was 36 months. *See* 18 U.S.C. § 3583(b)(2). The record shows that he was sentenced to a total of approximately 44 months for his revocations. Thus, under § 3583(h), because his total revocation prison term was "in excess of the statutory maximum amount of supervised release, the district court was not authorized to impose any additional supervised release and it was error for the district court to do so." *Moore*, 22 F.4th at 1265.

This error warrants correction under the plain-error standard. *Id.* at 1264–65. The error is plain under the text of § 3583(h) and this Circuit's decisions, it affects substantial rights by exposing Goins to an unauthorized term of supervised release, and it undermines judicial proceedings by causing "an unnecessary deprivation of liberty." *See id.* at 1265 (quotation marks omitted).

For these reasons, there is "no substantial question" as to the outcome of this appeal. *Brown*, 942 F.3d at 1076 n.6. We **GRANT** the government's motion and summarily **REVERSE** the supervised release portion of Goins's sentence. The government's motion to stay the briefing schedule is **DENIED** as moot.