[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-14460

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RIGOBERTO WILSON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20232-KMW-1

————————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Rigoberto Wilson pled guilty to possession of a firearm and ammunition by a convicted felon, *see* 18 U.S.C. § 922(g)(1), and was sentenced to the fifteen-year enhanced minimum penalty under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. 924(e). The district court found that Wilson qualified for the ACCA enhancement based on four cocaine-related convictions under Fla. Stat. § 893.13(1), between 2004 and 2007. On appeal, Wilson maintains that his offenses do not categorically qualify as "serious drug offenses" under ACCA because he could have been convicted for substances that were not federally controlled when he committed the federal gun crime. We review that issue *de novo*. *United States v. Conage*, 976 F.3d 1244, 1249 (11th Cir. 2020).

Under 18 U.S.C. § 924(e), if a defendant violates § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense" that were committed on separate occasions from one another, the mandatory minimum sentence is fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" in part as "an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." *Id.* § 924(e)(2)(A)(ii).

When Wilson filed his initial brief in this case, he likely would have been entitled to reversal based on our decision in

*United States v. Jackson*, 36 F.4th 1294, 1302 (11th Cir. 2022) ("*Jackson I*"). In *Jackson I*, we held that ACCA's definition of "serious drug offense" incorporated the version of the federal drug schedules in effect when the defendant committed the federal gun offense for which he is being sentenced. *Id.* at 1297, 1300. Applying that rule, we explained that the federal drug schedules in effect when Jackson committed the federal offense in 2017 did not include ioflupane, a cocaine derivative. *Id.* at 1301. But, we noted, ioflupane was criminalized in Florida until 2017, so, applying the categorical approach, we presumed that Jackson's pre-2017 cocaine-related convictions under § 893.13 were based on ioflupane. *Id.* at 1303–04. And "[b]ecause ioflupane was not a 'controlled substance' under federal law when Jackson committed his § 922(g) firearm-possession offense, his state offenses did not necessarily entail the conduct set out in ACCA's 'serious drug offense' definition," meaning they did not qualify as predicate "serious drug offenses." *Id.* at 1304.

After Wilson filed his initial brief, though, we *sua sponte* vacated *Jackson I* and issued a superseding opinion. *United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022) ("*Jackson II*"). In *Jackson II*, we held that the Supreme Court's decision in *McNeil v. United States*, 563 U.S. 816 (2011), required us to conclude, contrary to *Jackson I*, that "the ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense." 55 F.4th at 849, 854–55. In other words, whether ACCA applies "turn[s] on the law in effect when the defendant's prior convictions occurred." *Id.* at 859. Because both the state and federal drug schedules included

ioflupane at the time of Jackson's prior convictions, we held that his prior cocaine convictions under § 893.13(1) qualified as "serious drug offenses." *Id.* at 861–62.

In light of *Jackson II*, the government moved for summary affirmance. Summary affirmance is appropriate where "the result is clear as a matter of law so that there can be no substantial question as to the outcome." *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019). Since we issued *Jackson II*, the Supreme Court has affirmed our decision. *See Brown v. United States*, 144 S. Ct. 1195 (2024).

*Jackson II* and *Brown* make clear as a matter of law that Wilson was correctly sentenced as an armed career criminal. As in *Jackson II*, Wilson's prior § 893.13 cocaine-related convictions occurred when both the state and federal drug schedules included ioflupane. *See* 55 F.4th at 861–62 & 851 n.3. Because ACCA's definition of "serious drug offense" "turn[s] on the law in effect when the defendant's prior convictions occurred," *Id.* at 859, it follows that Wilson's prior § 893.13(1) convictions qualify as "serious drug offenses" under ACCA. *See id.* at 861–62.

We therefore **GRANT** the government's motion and **AFFIRM** Wilson's fifteen-year ACCA sentence.