[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-14082

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

*versus*

KENYATTA GARDNER,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20113-KMM-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

After Kenyatta Gardner pled guilty to two counts of possession of a firearm and ammunition as a convicted felon, *see* 18 U.S.C. § 922(g)(1), the district court sentenced him to the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA").  In doing so, the court concluded that Gardner had at least three prior convictions for a "serious drug offense," including two convictions under Florida Statute 893.13(1) for possession with intent to distribute, sell, or manufacture cocaine, and one conviction under Fla. Stat. § 893.135 for trafficking cocaine.

On appeal, Gardner argues that his prior cocaine convictions do not categorically qualify as serious drug offenses under the ACCA because he could have been convicted for substances that were not federally controlled when he committed the federal gun crimes.  He also contends that § 893.135 does not categorically qualify as an ACCA predicate offense because it criminalizes the purchase of 28 grams of cocaine, which, in his view, is not covered by the ACCA's definition of a serious drug offense.

The government moves for summary affirmance, arguing that Gardner's ACCA sentence is clearly correct as a matter of law.  Summary disposition is appropriate where, among other circumstances, "the result is clear as a matter of law so that there can be no substantial question as to the outcome."  *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019).

We review *de novo* the legal question whether a prior state conviction qualifies as a serious drug offense under the ACCA. *United States v. Jackson*, 55 F.4th 846, 849–50 (11th Cir. 2022). Under 18 U.S.C. § 924(e), if a defendant violates § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense" that were committed on separate occasions from one another, the mandatory minimum sentence is fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" in part as "an offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802))." *Id.* § 924(e)(2)(A)(ii).

Summary affirmance is appropriate here because binding precedent makes clear that Gardner has at least three prior convictions for serious drug offenses under the ACCA. So the court was required to impose a fifteen-year sentence. *See id.* § 924(e)(1).

Gardner's argument that his Florida cocaine convictions are not valid ACCA predicates due to a mismatch between the federal and state drug schedules—although an open question when the appeal was brought—is now foreclosed. Our superseding opinion in *Jackson* held that the "the ACCA's 'serious drug offense' definition incorporates the version of the controlled-substances list in effect when the defendant was convicted of his prior state drug offense." 55 F.4th at 849, 854–55. In other words, the ACCA analysis "turn[s] on the law in effect when the defendant's prior convictions

occurred." *Id.* at 859. The Supreme Court recently agreed, affirming *Jackson* and holding that "a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense." *Brown v. United States*, 144 S. Ct. 1195, 1210 (11th Cir. 2024).

Here, Gardner's three Florida state cocaine convictions count as ACCA predicates because they involved a "drug on the federal schedules at the time" of those offenses. *Id.* There is no mismatch, as Gardner claims, because both state and federal drug schedules included cocaine and the cocaine derivative called ioflupane at the time of his state convictions in 2006, 2009, and 2012. *See Jackson*, 55 F.4th at 851, 861. Changes to the drug schedules after that time are not relevant. *See Brown*, 144 S. Ct. at 1206. And we have otherwise held that a "prior conviction under Fla. Stat. § 893.13 qualifies as [a] serious drug offense under the ACCA." *United States v. Smith*, 983 F.3d 1213, 1223 (11th Cir. 2020).

Binding precedent likewise forecloses Gardner's argument that his conviction for trafficking cocaine under § 893.135 does not qualify as a serious drug offense. Gardner contends that the state statute is broader than the ACCA's definition because "the purchase prong under § 893.135 does not require any type of possession of the cocaine being purchased" and "does not permit an inference of an intent to distribute the cocaine."

When Gardner filed his brief, this issue likewise was an open question, leading this Court to seek guidance from the Florida Supreme Court in another case. *United States v. Conage (Conage I)*, 976

F.3d 1244, 1263 (11th Cir. 2020).  The Florida Supreme Court has now ruled, however, holding that a completed purchase under § 893.135(1) "requires proof that the defendant both (1) gave consideration for and (2) obtained control of a trafficking quantity of illegal drugs."  *Conage v. United States ("Conage II")*, 346 So. 3d 594, 603 (Fla. 2022).  The "requisite control," according to the court, "consist[s] of the same range of conduct that qualifies as constructive possession under federal law."  *Id.*

Based on the Florida Supreme Court's guidance, we affirmed Conage's sentence, holding that the district court properly relied on his § 893.135 conviction as a serious drug offense under the ACCA.  *United States v. Conage ("Conage III")*, 50 F.4th 81, 82 (11th Cir. 2022).  Because Gardner does not raise any argument beyond the issues decided in the *Conage* cases, we likewise conclude that the district court properly categorized his § 893.135 conviction as an ACCA predicate offense.

For these reasons, the district court properly found that Gardner had at least three prior convictions for serious drug offenses, triggering application of the ACCA's mandatory minimum. As a result, we need not consider his arguments relating to other convictions on which the court may have relied.  The government's motion for summary affirmance is **GRANTED.**

**AFFIRMED.**