**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12477
Non-Argument Calendar
_____

LEONARD BROWN,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:03-cr-00041-LMM-ECS-1

_____

Before JORDAN, JILL PRYOR, and KIDD, Circuit Judges.

PER CURIAM:

Leonard Brown, a federal prisoner proceeding *pro se*, appeals the district court's denial of his postconviction motion filed under

28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. After careful consideration, we affirm.

## I.

A federal grand jury charged Brown with several crimes including two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The indictment alleged that the predicate crime of violence for each § 924(c) count was attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Brown pleaded guilty to the two § 924(c) counts and received a sentence of 384 months' imprisonment.

Brown later filed a § 2255 motion to vacate, set aside, or correct his sentence, challenging his § 924(c) convictions. He argued that under the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), a conviction for attempted armed bank robbery did not qualify as a crime of violence and could not serve as a predicate offense under § 924(c).[1]

The district court denied Brown's motion to vacate. It relied on our decision in *United States v. Armstrong*, 122 F.4th 1278 (11th Cir. 2024), which held that attempted armed bank robbery qualified as a crime of violence for purposes of § 924(c). But it granted

---

[1] Brown previously filed a § 2255 motion raising ineffective-assistance-of-counsel claims. The district court denied that motion. This Court later gave Brown permission to file a second or successive § 2255 motion challenging his § 924(c) convictions under *Davis*.

Brown a certificate of appealability on the question of whether attempted armed bank robbery qualifies as a crime of violence.

This is Brown's appeal.

## II.

We review *de novo* a district court's determination that an offense is a crime of violence under § 924(c). *See Armstrong*, 122 F.4th at 1284.

## III.

Under federal law, a person who uses or carries a firearm during a crime of violence or a drug-trafficking crime faces a mandatory consecutive sentence. 18 U.S.C. § 924(c)(1). Section 924(c) defines a "crime of violence" as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Section 924(c)(3)(A) is known as the "elements clause," and § 924(c)(3)(B) is known as the "residual clause." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019).

In *Davis*, the Supreme Court held that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *See Davis*, 588 U.S. at 470. After *Davis*, an offense can qualify as a crime of violence only if it

has as an element the use, attempted use, or threatened use of physical force against the person or property of another. *See Brown*, 942 F.3d at 1075.

Brown challenges his § 924(c) convictions arguing that the federal crime of attempted armed robbery does not qualify as a crime of violence under the elements clause. But we have previously held that the crime of attempted armed bank robbery does qualify as a crime of violence. *See Armstrong*, 122 F.4th at 1291. As we explained in *Armstrong*, attempted bank robbery qualifies as a crime of violence under the elements clause "because it requires as an element that the defendant acted by force and violence, or by intimidation in committing the inchoate crime." *Id.* (citation modified).

On appeal, Brown argues that *Armstrong* was wrongly decided. But a prior panel decision "is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We thus remain bound by *Armstrong*. Accordingly, we conclude that the district court correctly denied Brown's § 2255 motion.[2]

**AFFIRMED.**

---

[2] The government raises alternative reasons why the district court could have denied Brown's § 2255 motion, including because he cannot show that his convictions were based on § 924(c)'s residual clause and his motion was untimely. Because we conclude that Brown's challenge to his § 924(c) convictions fails on the merits, we do not reach the government's alternative arguments.