[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14309
Non-Argument Calendar

_____

D.C. Docket Nos. 1:20-cv-22903-RLR,
1:08-cr-20287-RLR-6

OMAR SILVA MEDINA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2021)

Before NEWSOM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Omar Silva Medina, a federal prisoner, per his lawyer appeals the district court's denial of his authorized successive 28 U.S.C. § 2255 motion to vacate. Silva Medina challenges the validity of his convictions under 18 U.S.C. §§ 924(c) and (o), in the light of United States v. Davis, 139 S. Ct. 2319 (2019). No reversible error has been shown; we affirm.[1]

This appeal arises from a reverse sting operation in which an undercover agent posing as a disgruntled drug courier approached Silva Medina and his co-conspirators about robbing a stash house purportedly containing 40 kilograms of cocaine. Silva Medina and his co-conspirators agreed to execute the robbery in exchange for a share of the stolen cocaine. Police then intercepted the co-conspirators on the day of the planned robbery and found, among other things, several firearms, black masks, gloves, and handcuffs.

In 2008, a jury convicted Silva Medina of (1) conspiracy to possess with intent to distribute cocaine (Count 1); (2) attempt to possess with intent to distribute cocaine (Count 2); (3) conspiracy to commit Hobbs Act robbery (Count 3); (4) attempted Hobbs Act robbery (Count 4); (5) conspiracy to use or carry a

---

[1] When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review questions of law de novo and review findings of fact for clear error. See Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

firearm during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 5); and of (6) using or carrying a firearm during and in relation to a crime of violence and a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count 6).[2]

About Counts 5 and 6, the trial court instructed the jury that each of Counts 1 through 4 could serve as the predicate "crime of violence" or "drug-trafficking crime" under sections 924(c) and (o).  The trial court further instructed that the jury need only find that Silva Medina committed one of the predicate offenses but that the jury "must unanimously agree upon the way in which the Defendant committed the violation."  The jury rendered a general verdict that was silent about which of Counts 1 through 4 the jury found to be the predicate offense(s) underlying Counts 5 and 6.

In 2020, Silva Medina filed the authorized successive section 2255 motion at issue in this appeal.  Silva Medina argues that his convictions under sections 924(e) and (o) were each predicated in part on conspiracy to commit Hobbs Act

---

[2] Under 18 U.S.C. § 924(c), a defendant receives a mandatory consecutive sentence if he uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime." Section 924(o) makes it unlawful to conspire to commit an offense under section 924(c).

A "crime of violence" is defined as an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3).  The Supreme Court has now struck down as unconstitutionally vague the "residual clause" of subsection (B).  See Davis, 139 S. Ct. at 2336.

robbery: an offense that no longer qualifies as a "crime of violence" after Davis and Brown v. United States, 942 F.3d 1069, 1075-76 (11th Cir. 2019). Silva Medina contends that the jury instructions and the jury's general verdict make it impossible to determine what underlying predicate offense the jury relied upon. Silva Medina says that, because it cannot be ruled out that the jury relied solely upon a now-invalid predicate offense (Hobbs Act conspiracy), his section 924 convictions must be vacated pursuant to Stromberg v. California, 283 U.S. 359 (1931). Under Stromberg, a conviction must be vacated if "(1) the jury was instructed that a guilty verdict could be returned with respect to any one of several listed grounds, (2) it is impossible to determine from the record on which ground the jury based the conviction, and (3) one of the listed grounds was constitutionally invalid." See Adams v. Wainwright, 764 F.2d 1356, 1362 (11th Cir. 1985).

The government argued in response that Silva Medina was unentitled to relief because Silva Medina's claim under Davis was both procedurally defaulted and failed on the merits.

The district court denied Silva Medina's successive section 2255 motion. The district court concluded that the purported Stromberg error was subject to harmless-error review. Because the conduct underlying both the Hobbs Act conspiracy and the drug-trafficking conspiracy was identical, the district court

4

concluded that the predicate offenses were "inextricably intertwined" such that the jury could not reasonably have relied on the now-invalid Hobbs Act conspiracy as the sole predicate offense supporting Silva Medina's section 924 convictions. The district court thus found that the complained-of error had no substantial and injurious effect on the verdict.

The district court then granted a certificate of appealability on one issue: "When faced with Stromberg error on collateral review of a § 924(c) or (o) conviction, may the Court consider evidence supporting valid predicates in determining whether the jury relied solely on an invalid predicate?"

While Silva Medina's appeal was pending, we issued our decision in Granda v. United States, 990 F.3d 1272 (11th Cir. 2021). The decision is important to us. The circumstances presented in Granda are materially similar to the circumstances presented in this appeal.

Granda involved a reverse sting operation and a scheme to rob a tractor-trailer purportedly filled with cocaine. 990 F.3d at 1280-81. Based on Granda's involvement in the planned robbery, Granda was convicted of conspiracy and attempt to possess cocaine with intent to distribute it, conspiracy to commit Hobbs Act robbery, attempted Hobbs Act robbery, attempted carjacking, and of conspiracy to possess a firearm in furtherance of a crime of violence or a drug-

5

trafficking crime, in violation of section 924(o). Id. at 1281-82. As in this case, the jury in Granda rendered a general verdict; and we could not tell from the record which of the five possible predicate offenses the jury relied upon in finding Granda guilty under section 924(o). See id. at 1285.

We concluded that Stromberg error is subject to a harmless-error standard. Id. at 1294. In applying that standard, we said expressly that "it is proper to look at the record to determine whether the invalid predicate actually prejudiced the petitioner -- that is, actually led to his conviction -- or whether the jury instead (or also) found the defendant guilty under a valid theory." Id.

Under the harmless-error standard, collateral relief is appropriate only if the court has "grave doubt" about whether a trial error had a "substantial and injurious effect or influence" in determining the verdict. Id. at 1292. A section 2255 movant must show more than a reasonable possibility that the error was harmful, and we will grant relief "only if the error 'resulted in actual prejudice.'" Id.

Applying the harmless-error standard to the facts in Granda, we determined that Granda's Hobbs Act conspiracy was "inextricably intertwined" with his other predicate offenses. Id. at 1280, 1293. Given the nature of the planned robbery, we determined that the jury could not have found reasonably that Granda conspired to possess a firearm in furtherance of his conspiracy to commit Hobbs Act robbery

6

without also finding that he conspired to possess a firearm in furtherance of the other crime-of-violence and drug-trafficking offenses of which he was convicted. Id. at 1280, 1289, 1293.  We said that "[t]he inextricability of the alternative predicate crimes compels the conclusion that the error Granda complains about -- instructing the jury on a constitutionally invalid predicate as one [of] several potential alternative predicates -- was harmless."  Id. at 1292.

About precedent, we reached a similar outcome in Foster v. United States: another case involving a thwarted attempt to rob a purported stash house full of cocaine.  See 996 F.3d 1100, 1108 (11th Cir. 2021) (concluding that the inclusion of the invalid predicate in the jury instructions was harmless because no real possibility existed that the jury could have found that the gun in question was used or connected to the conspiracy to rob the stash house without also finding that the gun was connected to his conspiracy and attempt to possess with intent to distribute the cocaine that he had planned to rob from the same stash house).

Our precedents guide us.  As in Granda and in Foster, the predicate offenses underlying Silva Medina's section 924(c) and (o) convictions are inextricably intertwined.  The objective of each predicate offense was the same: to obtain and to sell the cocaine taken by force from the stash house.  Given the facts of this case, the district court committed no clear error in determining that the jury could not

7

have found reasonably that Silva Medina used or carried a gun in connection with the conspiracy to commit Hobbs Act robbery without also finding that Silva Medina used or carried a gun in connection with the three other valid predicate offenses.

Silva Medina can show no substantial likelihood that his section 924 convictions rested solely on the now-invalid conspiracy to commit Hobbs Act robbery predicate. In the light of precedents, we have no "grave doubt" about whether the inclusion of the Hobbs Act conspiracy in the jury instructions influenced substantially the jury's verdict. Because Silva Medina has demonstrated no actual prejudice from the general verdict, he is unentitled to relief.

AFFIRMED.[3]

---

[3] On appeal, the government contends that Silva Medina has procedurally defaulted his Davis claim by failing to raise adequately that argument on direct appeal. We need not address the issue of procedural default, however, because we conclude that Silva Medina's Davis claim fails on the merits. See Dallas v. Warden, 964 F.3d 1285, 1307 (11th Cir. 2020) (noting that "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event.").