[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 26, 2010
JOHN LEY
CLERK

No. 09-12037
Non-Argument Calendar

_____

D. C. Docket Nos. 08-21452-CV-CMA
03-20678-CR-CMA

CORNELL ADLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2010)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Cornell Adley, a federal prisoner, proceeding *pro se* and *in forma pauperis*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence based on his claim of ineffective assistance of trial counsel.

In 2004, Adley was charged with conspiracy to possess with intent to distribute cocaine (Count 1), 21 U.S.C. § 846; conspiracy to commit Hobbs Act robbery (Count 2), 18 U.S.C. § 1951(a); and conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime and to possess a firearm in furtherance of such a crime (Count 3), 18 U.S.C. § 924(o). Adley was also charged with attempting to possess with intent to distribute cocaine (Count 4), 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2; attempting to commit Hobbs Act robbery (Count 5), 18 U.S.C. §§ 1951(a) and 2; and using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime (Count 6), 18 U.S.C. §§ 924(c)(1) and 2. At trial, a jury found Adley guilty on all six counts. The district court sentenced him to 387 months' imprisonment.[1]

On May 20, 2008, Adley filed a *pro se* § 2255 motion, claiming several instances of ineffective assistance of trial counsel. The district court denied

---

[1]We affirmed Adley's convictions and sentences in *United States v. Brown*, 227 F. App'x 795 (11th Cir. 2007) (per curiam).

Adley's § 2255 motion, concluding that Adley had failed to make a showing that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's alleged errors, the result of the proceeding would have been different. We granted a certificate of appealability on the following issue:

> Whether the district court erred concluding that Adley had failed to state a valid claim of ineffective assistance of counsel when he alleged his counsel failed to obtain evidence, specifically, his medical records and the testimony of three witnesses, which would have shown that he suffered from a broken leg during the time period when two of the alleged robberies occurred.

Adley argues that his counsel was ineffective because he failed to adequately investigate his alibi defense and the police reports, and failed to call additional defense witnesses. Further, Adley argues that calling additional defense witnesses would have proven that he was not involved in several of the robberies. Finally, Adley contends that his counsel should have obtained his medical records, which showed that his leg was in a cast and that he was on crutches at the time of two of the robberies.

In reviewing claims under § 2255, we review factual findings for clear error and the application of these facts *de novo. Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (citation omitted). The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const.

amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86, 104 S. Ct. 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. The court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S. Ct. at 2069.

The Supreme Court has defined prejudice as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. To establish prejudice, the petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." *Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1209 (11th Cir. 2007) (citation and quotation omitted). Rather, the petitioner must show that, without the erroneous actions of his counsel, the outcome of his case would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Adley has not shown that he was prejudiced by his counsel's performance. Although Adley contends that the outcome would have been different, he has not demonstrated how it would have been different. Specifically, even though Adley

4

claims that he could not have participated in two of the robberies because of his broken leg, Adley has not contended that he was not involved in one of the carjacking incidents, which took place during the same time that he allegedly suffered from a broken leg. Further, Adley has not argued that he was not involved in the various other robberies, which he was convicted for when witnesses at trial testified that he was involved. Additionally, even if Adley's counsel had put forth the evidence that Adley asked him to obtain and called the witnesses that Adley wanted to call, in light of all the other evidence the government introduced at trial, the evidence of Adley's guilt was overwhelming. Thus, Adley has failed to demonstrate that he was prejudiced by his counsel's performance. Because Adley has not demonstrated prejudice, we need not decide whether his counsel was deficient. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

Upon careful review of the record and consideration of the parties' briefs, we discern no error. Accordingly, we affirm.

**AFFIRMED**.