[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14527

Non-Argument Calendar

_____

CORNELL ADLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:16-cv-22907-CMA,
1:03-cr-20678-CMA-2

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Cornell Adley, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. His motion raises *Stromberg* error, which means the jury was instructed on alternative theories, one of which was invalid. The district court denied relief but granted a certificate of appealability as to whether the *Stromberg* error was harmless. Adley argues on appeal that he did not procedurally default the *Stromberg* claim, and that the *Stromberg* error was not harmless. For the reasons that follow, we affirm the district court, finding that the *Stromberg* error was harmless. We need not reach the question of procedural default.

This case arose from a string of violent crimes including armed robberies and home invasions in the late 1990s. According to the government, Adley and his co-conspirators committed these crimes to secure enough money to purchase drugs and open "a drug hole" from which to sell the drugs. *United States v. Brown*, 227 F. App'x 795, 797 (11th Cir. 2007) (per curiam). In 2004, a grand jury returned a Third Superseding Indictment charging Adley and his co-defendants with: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 2); and conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(o) (Count 3). Adley alone was also charged

with attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 4); attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 5); and using and brandishing a firearm during and in relation to a crime of violence and drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 6).

At trial, the jury convicted Adley on all six counts. Based on the jury's general verdict form, the predicate for Adley's convictions under § 924(o) (Count 3) and § 924(c) (Count 6) could have been either a crime of violence or a drug trafficking offense; the general verdict form did not specify which. The jury also returned a supplemental verdict form, in which it found, in relevant part, that firearms were involved in the offenses charged in Counts 1, 2, 4, and 5.

The district court sentenced Adley to a total of 387 months: 327 months as to Counts 1 and 4, 240 months as to Counts 2, 3, and 5, all running concurrently, and 60 months as to Count 6 to run consecutively. On appeal, we affirmed both Adley's conviction and sentence. *See Brown*, 227 F. App'x 795. Adley then filed his first 28 U.S.C. § 2255 motion to vacate his sentence. The district court denied that motion, and we affirmed. *See Adley v. United States*, 374 F. App'x 891, 892–93 (11th Cir. 2010) (per curiam).

In 2015, the Supreme Court ruled that the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591 (2015). The Court subsequently ruled that *Johnson* applies

retroactively to cases on collateral review. *See Welch v. United States*, 578 U.S. 120 (2016). Following *Johnson* and *Welch*, we granted Adley leave to file a successive motion to collaterally attack his Count 6 conviction pursuant to § 2255, based on the possibility that § 924(c)'s residual clause might also be unconstitutional under the new rule articulated in *Johnson*. We later granted motions to stay the § 2255 motion, most recently after the Supreme Court granted certiorari in *United States v. Davis*, 139 S. Ct. 2319 (2019).

In *Davis*, the Supreme Court extended its reasoning from *Johnson* and struck down § 924(c)'s residual clause as unconstitutionally vague, thus abrogating our decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018) (en banc). Following *Davis*, we granted a subsequent application by Adley to challenge his convictions under both Counts 3 and 6 as void for vagueness. Adley's theory was that his convictions on Counts 3 and 6 may have rested on § 924(c)'s residual clause, which *Davis* struck down as unconstitutional.

The government made two arguments to the district court in opposition. First, Adley had procedurally defaulted his claim by failing to challenge § 924(c)'s residual clause on direct appeal. Second, Adley's claim failed on the merits because he could not show that the jury based the Count 3 and Count 6 convictions solely on an invalid predicate; that is, even if Count 2 was no longer a valid predicate after § 924(c)'s residual clause was found to be unconstitutional, there were other valid predicates upon which the jury likely relied.

The district court denied Adley relief.  As to procedural default, the court found that Adley's claim was defaulted, but that Adley had overcome the default by showing cause and prejudice.  Next, the district court found that Adley's case presented *Stromberg* error, because the jury was instructed that it could convict Adley on Counts 3 and 6 based on several predicates—one of which is now invalid.  *See Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam).  The court found, however, that the *Stromberg* error was harmless because there was "less than a reasonable probability the jury relied solely on [an] invalid predicate in convicting on Count 3 or Count 6."  The district court then granted a certificate of appealability as to whether it applied the correct harmless-error standard, and whether it correctly determined that the error in this case was harmless.

Adley argues on appeal that the *Stromberg* error was not harmless in relation to his convictions on Counts 3 and 6.  Count 3 was under 18 U.S.C. § 924(o), while Count 6 was under 18 U.S.C. § 924(c).  Section 924(o) provides in relevant part that "[a] person who conspires to commit an offense under subsection (c) shall be imprisoned for not more than 20 years, fined under this title, or both."  Section 924(c), in turn, provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence *or* drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm,

> or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

*Id.* § 924(c)(1)(A)(i) (emphasis added).

Section 924 defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act [21 U.S.C. § 801]." *Id.* § 924(c)(2). Under § 924(c)(3), a crime of violence is an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A), (B). Courts have referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." *Davis*, 139 S. Ct. at 2324.

In *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague. *Id.* at 2336. Subsequently, we held that Hobbs Act conspiracy did not qualify as a crime of violence under the elements clause. *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019) (per curiam). So, to summarize, if the predicate for Adley's Count 3 and Count 6 convictions was the conspiracy to commit Hobbs Act robbery charged in Count 2, then those convictions relied on an invalid predicate that is not a crime of violence under the elements clause or the residual clause. *See*

20-14527                Opinion of the Court                      7

*Brown*, 942 F.3d at 1075–76; *Davis*, 139 S. Ct. at 2336. The question, then, is whether the jury relied solely on Count 2 as a predicate when it convicted Adley on Counts 3 and 6.

The government argues that we should not reach that question because Adley procedurally defaulted the claim when he failed to raise it on direct appeal. Of course, at the time of Adley's direct appeal, the Supreme Court had not yet found § 924(c)'s residual clause to be void for vagueness. But in a recent decision, we held that a petitioner could not show cause for failing to raise a vagueness challenge to § 924(c) on direct appeal because, even in 2009, defendants had "the 'building blocks of' a due process vagueness challenge." *Granda v. United States*, 990 F.3d 1272, 1287 (11th Cir. 2021; *see also Parker v. United States*, 993 F.3d 1257, 1265 (11th Cir. 2021).

Adley counters that his *Davis* challenge raises a *jurisdictional* error[1] that cannot be defaulted. *See United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (A defendant cannot procedurally default a claim if the alleged error is jurisdictional). The parties did not brief—and thus the court did not address—this issue in *Granda*

---

[1] "[W]hen an indictment affirmatively alleges conduct that is not a federal offense, it does 'not invoke the district court's jurisdiction to enter judgment or accept a guilty plea.'" *Bane*, 948 F.3d at 1295 (quoting *United States v. Brown*, 752 F.3d 1344, 1352–53 (11th Cir. 2014)). Accordingly, we have held that when a defendant claims that his § 924(c) conviction was not based on a crime of violence, he makes a jurisdictional claim that cannot be waived. *United States v. St. Hubert*, 909 F.3d 335, 343–44 (11th Cir. 2018), *overruled in part on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019).

or *Parker*. And if we overlooked a jurisdictional defect in those cases, that oversight would not be precedential. *See Lewis v. Casey*, 518 U.S. 343, 353 n.2 (1996) ("[W]e have repeatedly held that the existence of unaddressed jurisdictional defects has no precedential effect.").

Ordinarily, we resolve a procedural-bar issue as a threshold matter, but we may deviate from that general practice in appropriate circumstances. *See McCoy v. United States*, 266 F.3d 1245, 1256 (11th Cir. 2001); *Lambrix v. Singletary,* 520 U.S. 518, 525 ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be[.]"). Because the question of harmless error lends itself to a more straightforward resolution of this appeal, we turn first to that issue first in the interest of judicial economy.

To begin with, there is no doubt that Adley's claim presents *Stromberg* error. The Supreme Court has explained that *Stromberg* error exists when the "jury was instructed on alternative theories of guilt and may have relied on an invalid one." *Hedgpeth*, 555 U.S. at 58. That is precisely what occurred in this case when the district court instructed the jury that it could convict Adley on Counts 3 and 6 based on several predicates, one of which we now know is invalid. *See Davis*, 139 S. Ct. at 2336.

However, a *Stromberg* error is subject to harmless-error analysis. *Granda*, 990 F.3d at 1292. We will grant collateral relief only if we have "grave doubt" about whether a trial error had "substantial and injurious effect or influence" in determining the

verdict.  *Id.*  The harmless-error standard requires that the petitioner show "more than a reasonable possibility that the error was harmful."  *Id.*  Stated differently, the error must have "resulted in actual prejudice" to the petitioner.  *Id.*  We will consider whether alternative, valid predicates grounded a defendant's conviction.  *Id.* at 1296.

Here, Adley has not shown more than a reasonable possibility that the *Stromberg* error was harmful.  *See id.* at 1292.  The prosecution never argued that the jury should convict Adley relying on Count 2 as the sole predicate, and it is unlikely that the jury did so when there were other valid predicates to rely on.  Putting aside Count 2, the jury convicted Adley of three other predicate offenses (Counts 1, 4, and 5), and found on the supplemental verdict form that Adley possessed, or conspired to possess, a firearm in relation to each of those three counts.  The drug trafficking conspiracy charged in Count 1 was a valid predicate for Count 3, the § 924(o) charge.  And Counts 4 and 5 were valid predicates for Count 6, the § 924(c) charge.  In fact, the Superseding Indictment listed only Counts 4 and 5 as predicates for Counts 6, and the prosecution argued the same to the jury at trial.

Adley argues that the jury instructions did not direct the jury to find multiple predicates; the jury was instructed to rely on a single predicate for Counts 3 and 6, and that predicate could have been Count 2.  But although the jury was required to find only a single predicate, nothing prevented the jury from finding more than one.  We agree with the district court that it is quite unlikely that the

jury would have relied only on Count 2 as a predicate, despite the availability of Counts 1, 4, and 5 as valid predicates and the fact that the prosecution did not argue that Count 2 was a predicate for Count 3 or 6.  As a result, we are not left with "grave doubt" as to whether the *Stromberg* error had "substantial and injurious effect or influence" in determining the verdict.  *See Granda*, 990 F.3d at 1292.  Therefore, we affirm the district court's holding that any error was harmless.

**AFFIRMED.**