[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

No. 09-15147
Non-Argument Calendar

_____

D. C. Docket No. 09-20143-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MAURINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2010)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Victor Maurino appeals his convictions for (1) conspiracy and attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy and attempt to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and (3) carrying a firearm during a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c). All charges arose from a "reverse sting" operation whereby Miami-Dade Police Detective Juan Sanchez, in his undercover role as a disgruntled drug courier for a large drug trafficking organization, provided Maurino with the opportunity to rob 25 kilograms of cocaine from a fictitious stash house.[1] Maurino argues that the district court erred by denying his request for an entrapment jury instruction. He contends that it can be inferred from Sanchez's testimony that the government induced Maurino to commit the attempted robbery, and there was thus a sufficient evidentiary foundation for him to present an entrapment defense to the jury.

Entrapment is an affirmative defense with two elements: (1) government inducement of the crime and (2) the defendant's lack of predisposition to commit the offense. United States v. Orisnord, 483 F.3d 1169, 1178 (11th Cir. 2007). Before an entrapment defense may be presented to the jury, the defendant must lay an evidentiary foundation by producing "evidence sufficient to raise a jury issue

---

[1] Maurino's co-defendants, Silvio Reyes, Luis Valle, and Jorge Valdes, all pled guilty to the same charges.

that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it." United States v. Ryan, 289 F.3d 1339, 1343-44 (11th Cir. 2002) (internal quotations omitted).

To show government inducement, the defendant must establish that the government engaged in "persuasion or mild coercion," which consists of the "opportunity [to commit the crime] plus something like excessive pressure or manipulation of a non-criminal motive." United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995). The defendant can meet his burden of production with evidence "that he had not favorably received the government plan, and the government had had to 'push it' on him . . . or that several attempts at setting up an illicit deal had failed and on at least one occasion he had directly refused to participate . . . ." United States v. Quinn, 123 F.3d 1415, 1423 (11th Cir. 1997) (internal quotations omitted). In evaluating whether the burden of production is met, the evidence is viewed in the light most favorable to the defendant.[2] Id.

Maurino contends that the high monetary value of 25 kilograms of cocaine – estimated at $600,000 – lured him to join a proposed robbery scheme in which he would not otherwise have participated. However, providing the defendant with a

---

[2] The parties contest whether we review a district court's refusal to give a requested entrapment jury instruction de novo or for abuse of discretion. However, under either standard of review, Maurino failed to produce sufficient evidence to warrant the entrapment instruction.

lucrative criminal opportunity does not, without more, constitute government inducement. See Ryan, 289 F.3d at 1344-45 (rejecting argument that increasingly favorable offers by government agent to sell large quantities of drugs at low prices to defendant provided sufficient evidentiary foundation for entrapment jury instructions). Nor was any evidence produced – such as evidence that Maurino's financial circumstances were dire – that Maurino was particularly susceptible to a lucrative proposal.

Maurino also argues that Sanchez induced him to bring a firearm to the robbery by stating that it was likely that there would be an armed individual at the fictitious stash house. However, Sanchez testified that he inserted this possibility into the scenario because it was not plausible for there to be no guns at a stash house of a large drug trafficking organization, and that while some investigative targets back out after being informed of the increased risk, Maurino did not express any doubts about going forward with the robbery. Given that Sanchez never suggested that the conspirators arm themselves and refused Maurino's request that Sanchez provide them with guns, the mere fact that he stated that there would likely be an armed individual at the stash house is insufficient to support the inference that Sanchez induced Maurino to carry a firearm.

While Sanchez's testimony established that he initiated contact with

4

Maurino and provided him with the opportunity to commit the crime, there is no

evidence that he used "persuasion or mild coercion" to induce Maurino to commit

the attempted robbery.[3] Sanchez's testimony (corroborated by recordings of his

meetings with Maurino) shows that Maurino immediately expressed interest in

participating in the crime and took the affirmative step of contacting Sanchez to set

up a second meeting. In fact, Maurino declined multiple invitations by Sanchez to

back out of the plan. Furthermore, on his own initiative, Maurino recruited three

others to participate and acquired guns for the conspirators to carry during the

robbery. Even viewed in the light most favorable to Maurino, Sanchez's testimony

does not provide evidentiary support for the inference that Maurino was induced

by the government to commit the attempted robbery.[4]

The district court did not err by refusing to provide an entrapment jury

---

[3] As Maurino did not testify or present any witnesses at trial, the only evidence relevant to the entrapment defense is Sanchez's testimony, the recordings of meetings between Sanchez and Maurino, and Maurino's post-arrest confession.

[4] We see no merit in Maurino's argument that Sanchez's testimony that a confidential informant had unsupervised contacts with Maurino supports an inference of government inducement. There is no evidence that, during these unsupervised contacts, the confidential informant did anything to induce Maurino's participation, and according to Maurino's post-arrest confession (the accuracy of which he has not challenged), Maurino immediately expressed interest in the robbery to the confidential informant.

Additionally, we see no merit in Maurino's contention that Sanchez's testimony that he offered an untraceable vehicle for use during the robbery supports an inference of government inducement. There is no evidence that the offer played a role in Maurino's agreement to commit the attempted robbery, as the uncontroverted evidence shows that Maurino did not have to be convinced to participate and did not express doubts thereafter.

5

instruction because, viewed in the light most favorable to Maurino, the evidence is insufficient to warrant the requested instruction.  Therefore, we affirm Maurino's convictions.

AFFIRMED.