[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14589

Non-Argument Calendar

_____

VICTOR MAURINO,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:19-cv-23161-CMA,
1:09-cr-20143-CMA-1

———————————

Before JILL PRYOR, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Reinaldo Abreu Maurino, a counseled federal prisoner, appeals the order of the district court denying his 28 U.S.C. § 2255 motion to vacate. The government, in turn, moves for summary affirmance and to stay the briefing schedule.

## I.

Maurino filed the present counseled motion to vacate under 28 U.S.C. § 2255 in 2019, challenging the validity of his conviction for one count of possession of a firearm in furtherance of a crime of violence and drug trafficking crime. 18 U.S.C. § 924(c).

According to court filings, Maurino and several coconspirators met with a confidential source and an undercover officer to discuss a plan to steal multiple kilograms of cocaine from a stash house owned by a fictional Colombian drug lord. Maurino asked for guns from the officer, who did not provide them. On the day of the attempted robbery, Maurino and his codefendants entered the vehicle of a confidential informant from the Bureau of Alcohol, Tobacco, Firearms, and Explosives and drove to the warehouse. He brought guns, ski masks, gloves, and plastic flex cuffs. He and the others were arrested on their arrival.

In June 2009, a federal grand jury charged Maurino in a superseding indictment with, in relevant part, conspiracy to possess

with intent to distribute cocaine, 21 U.S.C. § 846 ("Count 4"); attempted possession with attempt to distribute cocaine, 21 U.S.C. § 846 ("Count 5"); conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) ("Count 6"); attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) ("Count 7"); and possession of a firearm in furtherance of a crime of violence and drug trafficking crime, 18 U.S.C. § 924(c) ("Count 8"). Notably, the superseding indictment listed Counts 4 to 7 as the predicate offenses for Count 8.

After Maurino pled not guilty, the case proceeded to trial. Following trial, a jury entered a general verdict against Maurino, finding him guilty of Counts 4 to 8. The district court ultimately sentenced Maurino to a total of 238 months' imprisonment—178 months for Counts 4 to 7, to be served concurrently, and 60 months for Count 8, set to run consecutive to the other terms. Maurino appealed but did not challenge his § 924(c) conviction (Count 8) for vagueness or invalid penalties. We affirmed his convictions in 2010. *See United States v. Maurino*, 379 F. App'x 861, 862–63 (11th Cir. 2010) (unpublished).

After the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), we granted Maurino leave to file a successive § 2255 motion[1] raising a *Davis*-based claim. In his successive motion, Maurino argued that he was actually innocent of Count 8

---

[1] Maurino filed his original 28 U.S.C. § 2255 motion in 2011, which the district court denied with prejudice. He would later file a second motion, with our permission, that the district court denied in 2017.

because *Davis* rendered one of his predicates for his § 924(c) motion invalid, which invalided his conviction. He also asserted that Counts 6 and 7—conspiracy to commit and attempted Hobbs Act robbery—both were invalid predicates and the operative predicates. This, he contended, combined with the vagueness of the general verdict meant that the district court had to consider his § 924(c) conviction invalid.

The district court denied Maurino's motion, finding that he lacked a reasonable basis for attacking the residual clause until the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015), and extended that decision to *Davis*, meaning he overcame the procedural bar. Substantively, it found that the jury was instructed it could convict him of Count 8 on multiple predicates, including invalid ones. However, it found that any reliance on an invalid predicate was harmless because the predicates in his case were inextricably intertwined, and there was no reasonable probability the jury relied solely on the invalid predicates.

Despite the preceding, the district court issued a certificate of appealability as to: "(1) whether [it had] erred in applying the reasonable probability harmless-error review standard to an error arising from a jury that was instructed on multiple possible predicate crimes—one of which is invalid—and a general verdict that does not specify the predicate(s) on which the jury relied; and (2) whether [it had] erred in determining the error was harmless."

This timely appeal follows.

## II.

On appeal, Marino, who is still counseled, argues that the district court erred by using a harmless error standard in denying his motion. Rather, he argues that the proper standard is the conviction must be reversed if it is impossible to determine which ground the verdict rests on. He asserts that because his conviction for Count 8 was supported by the two invalid predicates of Counts 6 and 7, any error was not harmless. Maurino also asserts that the district court's inextricably intertwined reasoning is untenable because it improperly interpreted § 924(c) to allow for multiple predicates to attach to each count of the conviction, meaning that challenges to that conviction would require purely speculative inquiries into jury deliberations.

Rather than responding, the government moves for summary affirmance and to stay the briefing schedule. It contends, in part, that Maurino's invalid Hobbs Act robbery predicates (Counts 6 and 7) were inextricably intertwined with his still-valid drug trafficking offenses (Counts 4 and 5), meaning any errors in the general verdict were harmless.[2]

---

[2] The government also argues that Maurino procedurally defaulted his *Davis*-based claim because he failed to raise it on direct appeal. The government further argues that he cannot overcome that default, as his claims existed before his direct appeal became final in 2010 and he could not show a substantial likelihood that the jury used the invalid predicates as the only predicate for his § 924(c) conviction. In light of our present disposition, we find it unnecessary for us to address these points.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). A motion for summary affirmance shall postpone the due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). We review questions of harmlessness *de novo*. *Granda v. United States*, 990 F.3d 1272, 1293 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 1233 (2022).

Under 28 U.S.C. § 2255(a), a federal court may grant post-conviction relief to a federal prisoner under certain circumstances, such as when there has been a constitutional error. Relief still may not be warranted, however, if such an error was "harmless." *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993). An error is harmless on collateral review if it did not have a substantial or injurious effect or influence on the jury's verdict. *Id.* at 637.

Section 924(c), the basis for Maurino's conviction on Count 8, provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence or drug trafficking*

*crime* . . . for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence—

(i) be sentenced to a term of imprisonment of not less than 5 years . . . .

§ 924(c)(1)(A) (emphasis added).

Under § 924(c)(3), a crime of violence is an offense that is a felony and (A) "has an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "*that by its nature, involves a substantial risk* that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(A)–(B) (emphasis added). We have referred to § 924(c)(3)(A) as the "elements clause" and to § 924(c)(3)(B) as the "residual clause." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). And, under § 924(c)(2), a drug trafficking crime means any felony punishable under the Controlled Substances Act, 21 U.S.C. § 801.

In *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague. 139 S. Ct. at 2336. Subsequently, we held that Hobbs Act conspiracy did not qualify as a "crime of violence" under the elements clause, because none of the elements of Hobbs Act conspiracy "necessitate[] the existence of a threat or attempt to use force." *Brown*, 942 F.3d at 1075. However, we have also held that substantive Hobbs Act robbery is a "crime of

violence" under the elements clause. *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).

Recently, in *Unites States v. Taylor*, 142 S. Ct. 2015 (2022), the Supreme Court held that attempted Hobbs Act robbery did not qualify as a "crime of violence" under the elements clause because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* at 2021.

If valid and invalid predicate offenses are inextricably intertwined, any error resulting from instructing the jury on a constitutionally invalid predicate is harmless. *Granda*, 990 F.3d at 1292. On collateral review, the harmless error standard mandates that relief is proper only if the court has grave doubts about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. *Id.* "There must be more than a reasonable possibility that the error was harmful." *Id.* (quoting *Davis v. Ayala*, 576 U.S. 257, 267–68 (2015)). The reviewing court should ask directly whether the error substantially influenced the jury's decision, and if it cannot say with fair assurance that the judgment was not substantially swayed by the error, it must conclude that the error was not harmless. *Id.* at 1292–93. Thus, it is appropriate to look at the record to determine whether the invalid predicate actually led to the conviction, or instead whether a jury found the defendant guilty under a valid theory. *Id.* at 1294.

## III.

20-14589                Opinion of the Court                9

Here, we grant summary affirmance as to the district court's resolution of Maurino's Count 8 challenge on the merits. Specifically, we conclude that the district court did not err in rejecting Maurino's Count 8 challenge alternatively on the merits because it found that the four predicate offenses—two of which were valid—were inextricably intertwined. The conspiracy and attempt to possess with intent to distribute cocaine offenses (Counts 4 and 5) were part of the conspiracy and attempt to commit Hobbs Act robbery. Maurino's two drug trafficking offenses were still valid predicates, so any such error resulting from the jury being instructed in the Hobbs Act robbery predicates would be harmless. *Granda*, 990 F.3d at 1292–94. Thus, we grant the government's motion for summary affirmance on this ground.

Accordingly, we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule. *Groendyke Transp.*, 406 F.2d at 1162.