[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13818

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK TOMLINSON,
a.k.a. Supa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:10-cr-00521-TCB-AJB-4

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Mark Tomlinson, a federal prisoner proceeding *pro se*, appeals the denial of his requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Tomlinson alleged that he had several deteriorating health conditions—including Type 2 diabetes, hypertension, high cholesterol, acid reflux, gout, and sickle cell disease—which, in the context of the COVID-19 pandemic in a prison setting, amounted to extraordinary and compelling reasons for early release from his 192-month sentence for drug trafficking.  The district court ruled that Tomlinson's medical conditions did not qualify him for early release, and that the statutory sentencing factors did not warrant a sentence reduction.  In response, Tomlinson filed a motion for reconsideration and a second motion for compassionate release, relying on additional medical records.  The court denied both motions, concluding that the additional medical records did not establish a qualifying medical reason and that the sentencing factors still weighed against early release.

On appeal, Tomlinson maintains the district court erred in evaluating his medical conditions and failing to determine that they qualified as extraordinary and compelling reasons for relief.[1]  In

_____

[1] Tomlinson also raises an issue about administrative exhaustion.  We assume without deciding that Tomlinson properly exhausted both motions.

response, the government has moved for summary affirmance, claiming that the district court's decision was clearly correct. After careful review, we grant the government's motion.

Summary disposition is appropriate where "the result is clear as a matter of law so that there can be no substantial question as to the outcome." *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019). We review *de novo* a determination of eligibility for a § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court acts within its discretion so long as it does not apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment. *Harris*, 989 F.3d at 911–12. Issues not raised on appeal are deemed abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

Section 3582(c) grants the district courts limited authority to reduce the sentences of defendants for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting a reduction under this provision, the court must find all of the following: (1) an extraordinary and compelling reason exists under U.S.S.G. § 1B1.13's policy statement; (2) the reduction is supported by the 18 U.S.C. § 3553(a) sentencing factors; and (3) granting a reduction would not endanger others. *United States v. Giron*, 15 F.4th 1343, 1345–46 (11th Cir. 2021); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions . . . are necessary,

the absence of even one would foreclose a sentence reduction." *Tinker*, 14 F.4th at 1238. Thus, a court may exercise its discretion to deny a sentence reduction based on the § 3553(a) factors even if the defendant presents an extraordinary and compelling ground for relief. *Id.* at 1239.

Here, the district court properly denied Tomlinson's motions for early release under § 3582(c)(1)(A). For starters, we agree that Tomlinson did not establish an extraordinary and compelling reason for relief within the meaning of § 1B1.13's policy statement. *See id.* at 1237. The commentary to § 1B1.13 outlines medical, age, and family circumstances which may qualify as sufficiently "extraordinary and compelling." *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). As relevant here, a non-terminal medical condition may be grounds for a sentence reduction if it substantially diminishes a prisoner's ability to provide self-care in custody and if it is a condition from which he is not expected to recover. *Id.*, cmt. n.1(A).

We have held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *Giron*, 15 F.4th at 1346–47. We found that the defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, stating that they "were manageable in prison, despite the existence of the COVID-19 pandemic." *Id.*

Tomlinson has not established a medical condition meeting § 1B1.13's criteria. *See* U.S.S.G. § 1B1.13, cmt. n.1(A). Like in *Giron*, while Tomlinson has medical conditions that may put him at greater risk of severe illness from COVID-19, the medical records he submitted reflect that his conditions are "manageable in prison, despite the existence of the COVID-19 pandemic." *See id.*

Summary affirmance is independently warranted because Tomlinson fails to address on appeal the district court's conclusion that a sentence reduction was not justified based on the § 3553(a) sentencing factors. In particular, the court found that early release would not "properly account for the nature and seriousness of his drug trafficking activities, promote respect for the law, provide just punishment, or afford adequate deterrence or protection."

Because any reduction must be supported by the § 3553(a) factors, the absence of that requirement "would foreclose a sentence reduction," even assuming there's an extraordinary and compelling ground for relief. *See Tinker*, 14 F.4th at 1238–39. And "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. Tomlinson has not briefed one of the grounds on which the district court denied his requests for compassionate release, so it follows that the judgment is due to be affirmed on that additional ground. *See id.*

6                    Opinion of the Court                    22-13818

For these reasons, we affirm the denial of Tomlinson's July 2022 and August 2022 motions for compassionate release and his motion for reconsideration related to the July 2022 motion.

**AFFIRMED.**